UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD A. SIMMONS, | No. 2:14-cv-0601 KJN P |
| Petitioner, | |
| v. | ORDER |
| JOE LIZZARAGA, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  Petitioner consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

This action is proceeding on the original petition filed March 4, 2014.  Petitioner raises six claims:  two claims concerning the trial court's failure to instruct the jury to ascertain the offense dates supporting counts one, two and three; petitioner's sentences on counts five and six violate the Ex Post Facto Clause; ineffective assistance of trial counsel; the state allegedly coerced petitioner into relinquishing his constitutional right to testify; and alleged prosecutorial misconduct.

Pending before the court is petitioner's motion to stay this action pending exhaustion of four unexhausted claims.  For the following reasons, the undersigned grants petitioner's motion.

1

II. Motion to Stay

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the United States Supreme Court held that a district court is permitted to stay a mixed petition – a petition containing both exhausted and unexhausted claims – in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. <u>Id.</u>, 544 U.S. at 273-75, 277-78. Under <u>Rhines</u>, a district court must stay a mixed petition only if (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. <u>Id.</u> at 278; <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009). Additionally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. <u>Rhines</u>, 544 U.S. at 277-78. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005).

In the pending motion to stay, petitioner states that the first two claims were exhausted because they were included in the petition for review filed in the California Supreme Court. He concedes that claims four through six are not exhausted; petitioner filed these claims in a habeas corpus petition pending in the Shasta County Superior Court. Petitioner provided a copy of the petition filed on February 21, 2014, in Case No. 14HB0834. (ECF No. 4 at 6.) Petitioner states that he will promptly file his petition in the next higher state court within thirty days after each petition is denied in order to quickly exhaust these claims. (ECF No. 4 at 4.)

Turning to the issue of good cause, petitioner argues that he could not raise his third claim in the petition for review filed in the California Supreme Court because petitioner was not re-sentenced until October 11, 2013, after his petition for review was denied by the California Supreme Court on January 30, 2013, and thus claim three did not exist until October 11, 2013. (ECF No. 4 at 2.) Petitioner also clams he was unable to earlier raise claims four through six because he was assaulted with a razor by another inmate who learned about petitioner's underlying offenses, and petitioner only recently discovered evidence to support such claims.

(ECF No. 4 at 2-4; 15-18.) Petitioner submitted documentary evidence to support his allegations. (ECF No. 4 at 5.)

In Rhines, the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust. However, recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 2014 WL 983623 (9th Cir. 2014). In Blake, the Ninth Circuit held that the Rhines standard for ineffective assistance of counsel-based claims is not any more demanding than the showing of cause under Martinez v. Ryan, 132 S. Ct. 1309 (2012), to excuse state procedural default. Blake, 2014 WL 983623 at *5-6. Previously, the Ninth Circuit opined that "good cause" for failure to exhaust required something less than "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).

The court finds that petitioner has satisfied the Rhines criteria. Petitioner has demonstrated good cause for his failure to timely exhaust the unexhausted claims, which appear to be potentially meritorious. There is no indication that petitioner intentionally engaged in dilatory litigation tactics, and he is diligently pursuing his claims at the present time.

For the reasons discussed above, petitioner's motion to stay is granted. However, petitioner is cautioned that he must not unreasonably delay exhausting his claims in state court.[1]

////

---

[1] Tolling of the one year statute of limitations period continues during the intervals between a lower court's decision in post-conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher court, so long as the filing is deemed timely under state law. Evans v. Chavis, 546 U.S. 189 (2006); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (with no adequate justification for 80 and 91 day delay, such delays are unreasonable in California). See also Sok v. Substance Abuse Training Facility, 2011 WL 3648474 (E.D. Cal., Aug. 17, 2011) (collecting cases and noting that "a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay 'substantially' longer than sixty days is not reasonable.").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay (ECF No. 4) is granted; this action is administratively stayed;

2. Within thirty days from the date of any order by the California Supreme Court addressing petitioner's habeas petition, petitioner shall file a motion to lift the stay of this action; and

3. The Clerk of the Court is directed to administratively close this case.

Dated: March 25, 2014

/simm0601.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE